# SUPERIOR COURT.

## FALL SESSIONS.

## 1870.

The First National Bank of Seaford *v.* Jesse P. Connoway and Ezekiel Ewing.

The insolvency of the maker will not dispense with the necessity of giving notice to the indorser of the non-payment of the promissory note by him at its maturity, or of proving enough to dispense with the necessity of giving such notice.

If the maker and the payees and indorsers of a promissory note jointly borrow for their mutual benefit and accommodation the money for which it is given, any promise made by the payees and indorsers before, or at the time of its falling due, or after its maturity, that they will pay it, will dispense with the necessity, and will amount to an implied waiver of notice of the non-payment of it by the maker at maturity.

ASSUMPSIT on a promissory note for $200. dated Jan. 2, 1868, at sixty days, made by Elisha S. Hobbs to the order of the defendants, and by them indorsed, and negotiated by the plaintiff, with the common counts. The note was not paid at maturity, but no protest for non-payment was served upon the defendants. It was proved, however, that the maker and indorsers went together to the Bank to borrow that amount of money, and when asked who should be the maker and who should be the payees of it, replied that it made no difference, as they wanted the money jointly to meet their expenses in a joint undertaking mentioned, when the note was made and indorsed and negotiated as stated, and which they promised to pay as soon as they sold the product of it; and that Ewing, one of the defendants, had stated to the Teller of the Bank after the maturity of the note, that he expected to see it paid.

*Moore*, for the plaintiff, asked the question if Hobbs, the maker, was not insolvent when the note matured, which being objected to by the counsel on the other side, he cited *Commercial Bank v. Hughes*, 17 *Wend.* 94, 2 *Smith's Ld. Ca.* 53. 1 *Johns. Ca.* 100.

*Cullen*, for the defendants, cited 1 *Pars. on Notes & Bills*, 582, 584.

*By the Court.* The evidence proposed is irrelevant, as the insolvency of the maker could not dispense with the necessity of giving notice to the indorsers of the non-payment of the note by him at its maturity, or of proving enough to dispense with the necessity of giving such notice.

*Moore.* The parties, maker and indorsers, were jointly and equally interested in contracting the loan for which the note was given, and were all, in point of fact, principals in the transaction, and jointly promised to pay the note at, or before its maturity, for they confidently expected to dispose of their goods within that time; and they were not only principals, but partners in the transaction, both in the borrowing of the money and in the business and uses to which it was applied by them, and the subsequent acknowledgment of one of the indorsers after its maturity, that he expected to see it paid, was alike the acknowledgment of his co-indorsers, and of all them as principals and partners, of their joint and equal liability to pay it. *Gowen v. Jackson*, 20 *Johns.* 177. *Porthouse v. Parker*, 1 *Camp.* 82. *Col. on Partn.* Sec. 443. *Byles on Bills*, 366. But if they did any thing to put the holder off his guard, it would amount to an implied waiver of notice, for there may be an implied, as well as an express waiver of notice. When an indorser at the time, or shortly before a note becomes due, says to the holder that an arrangement is about being made for the payment of it, and by direct terms, or reasonable implication, requests the holder

to wait or give time, it will amount to an assurance that it will be paid by him, and to a waiver of demand and notice. *Gove v. Vining,* 7 *Met.* 212. *Mechanic's Bank v. Griswold,* 7 *Wend.* 166. 1 *Johns. Ca.* 100 *n. c. Sto. on Bills, Sec.* 317. 13 *Barb.* 163.

*Cullen.* There had been no express waiver of notice proved in the case, and it cannot be inferred or implied from any thing that had been proved in it. And when ever a promise of the indorser is relied upon to establish it, the promise must be express and unconditional, and not a contingent, indefinite, or conditional promise merely. *Farmers Bank v. Waples,* 4 *Harr.* 429. 1 *Sto. on Bills, Sec.* 371. But the promise proved in this case was to pay the note when they sold the goods, which was a conditional promise; and it was not proved that they have sold them yet. Nothing short of an express and unconditional promise with a full knowledge of all the facts, will amount to a waiver of notice in such a case. *Free v. Hawkins,* 4 *E. C. L. R.* 31. *Bruce v. Lytle,* 13 *Barb.* 163.

*Moore,* replied.

*The Court, Gilpin, C. J., charged the jury,* that on the proof before them the action would not lie on the common counts, and independent of the note, because the money for which it was given, was received from the Bank by all three of the parties, both the maker and indorsers of it, and was jointly used by them for their mutual and equal benefit; but only two of them, the indorsers alone, were joined in the present action, and, therefore, no recovery could be had against them on the common counts.

But if they were all three partners in the transaction of the loan at the Bank, and represented that they wanted to borrow the money jointly, to be used by them jointly, and for their joint use and benefit, then the note was made, indorsed and negotiated for their mutual accom-

modation, and any promise made by the defendants, the indorsers of it, to the Bank at that time, or at, or before the time of its falling due, or after its maturity, that they would pay it, would dispense with the necessity and amount to an implied waiver of notice to them of the non payment of it by the maker at maturity, and the plaintiff would be entitled to recover in the action.